**Ernest MEECE and Cora Meece, Appellants,**

v.

**Carroll HALE, Zelma Hale, Jewell Baker, Jimmy Baker, Wesley Dyke and Unknown Heirs of William Barnes and Mary Barnes, Deceased, Appellees.**

Court of Appeals of Kentucky.

Nov. 2, 1984.

John W. Polk, Somerset, for appellees.

Boyd F. Taylor, Taylor & Jensen, London, for appellants.

Before COMBS, GUDGEL and HOWERTON, JJ.

COMBS, Judge.

This appeal concerns disputed ownership of 4.25 acres of Pulaski County woodland. The trial court found that appellants had a connected chain of title to the tract of land in dispute, but held in favor of appellees on the basis of adverse possession. The evidence justified the trial court's finding that appellees' predecessor in title continuously used the land as his own for more than fifteen years, and its conclusion that ownership created by adverse possession is not abandoned by mere non-use.

■ The first question we address is whether the trial court's finding that the appellees' predecessor in title continuously used the disputed tract for more than fifteen years is clearly erroneous. The witnesses testified from childhood memory and no particular witness testified that the predecessor in title continuously used the tract for the statutory period. Appellants contend that their testimony creates an inference of sporadic use of the land. We agree. However, their testimony also creates an inference that the predecessor in title used the land as his own for any number of years. When reviewing a trial court's findings of fact, we look at the record as a whole. When reviewing this record as a whole, the trial court's finding of fact may not be beyond doubt, but it is not clearly erroneous.

■ The primary question on appeal is whether land acquired by adverse possession is abandoned by mere non-use. It is undisputed that no one has used the land adversely or otherwise for forty years. The appellees, whose predecessor in title acquired the land by adverse possession, have not abandoned that title by mere non-use. 1 Am.Jur.2d *Abandoned Property*

§ 13 (1962); *Culton v. Simpson*, 265 Ky. 343, 96 S.W.2d 856 (1936).

The judgment of the Pulaski Circuit Court is affirmed.

All concur.